UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| TARA FOGLEMAN-LAXEY | : | |
| VERSUS | : | CIVIL ACTION NO.: 6:21-CV-03038 |
| JOSH GUILLORY, ET AL | : | JUDGE MICHAEL J. JUNEAU; MAG. JUDGE HANNA |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MOTION TO DISMISS PENALTY, PUNITIVE, OR EXEMPLARY DAMAGES**

NOW INTO COURT come MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Josh Guillory"); FORMER INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL CAPACITY AS FORMER INTERIM CHIEF OF POLICE FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Lafayette Consolidated Government "), who with respect represent as follows:

1.

Pursuant to the original Complaint filed by plaintiff, Tara Fogleman-Laxey, in this matter, and specifically referring to plaintiff's request for punitive damages, Movers herein aver that punitive damages are not recoverable against either a municipality, or municipal officers sued in their official capacity in an action brought pursuant to 42 U.S.C. § 1983.

2.

Further, under Louisiana law, vindictive, punitive, or exemplary damages are not allowed in civil cases, unless specifically provided for by statute or otherwise.  In the absence of a specific statutory provision, only compensatory damages may be recovered.  In this suit, there is no specific Louisiana state statute that would allow a punitive damage award against movers in any capacity.

3.

In this cause of action as pled, the defendant, MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT is entitled to qualified immunity, all as more pled in the Motion to Dismiss for Failure to State a Claim Upon Which Relief can be granted, which is being filed contemporaneously this date, said Motion and Memorandum being adopted herein in full, as if copied *in extenso*.

4.

Under federal law, punitive damages are not allowed to be awarded against a municipality.  *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981).

WHEREFORE, premises considered, Movers, MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Josh Guillory"); FORMER INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL CAPACITY AS FORMER INTERIM CHIEF OF

POLICE FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Lafayette Consolidated Government "), pray this Honorable Court dismiss plaintiff's claims for punitive damages under state and federal law as prayed for by the plaintiff in her original Complaint.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

BORNE, WILKES & RABALAIS, L.L.C.

BY: _____s/Joy C. Rabalais_____
JOY C. RABALAIS (26476), T.A.
H. EDWARD BAROUSSE, III (28310)
JORDAN JOHN HENAGAN (36206)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
Telephone:  (337)  232-1604 Ext. 232
Facsimile:  (337) 232-1837
E-mail:  rabalais@bornewilkes.com

ATTORNEYS FOR MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Josh Guillory"); FORMER INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL CAPACITY AS FORMER INTERIM CHIEF OF POLICE FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as "Lafayette Consolidated Government ")