UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

TARA FOGLEMAN-LAXEY                          :

VERSUS                                       :    CIVIL ACTION NO.:  6:21-CV-03038

JOSH GUILLORY, ET AL                         :    JUDGE MICHAEL J. JUNEAU;
                                                  MAG. JUDGE HANNA

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PENALTY, PUNITIVE, OR EXEMPLARY DAMAGES

MAY IT PLEASE THE COURT:

Defendants, MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN

HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH

CONSOLIDATED GOVERNMENT (erroneously referred to as "Josh Guillory"); FORMER

INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL CAPACITY AS FORMER INTERIM

CHIEF OF POLICE FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT;

and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to

as "Lafayette Consolidated Government "), respectfully request that their Motion to Dismiss

Penalty, Punitive, or Exemplary Damages be granted by this Honorable Court for the following

reasons:

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is appropriate when a defendant attacks

the complaint because it fails to state a legally cognizable claim.[1]  In considering such a motion,

---

[1] *Ramming v. United States¸* 281 F.3d 158, 161 (5th Cir. 2001).

the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[2]  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account.[3]

Also, the principle of having the court accept all well-pleaded facts as true and in a light most favorable to plaintiff is subject to some limitations. As explained by the Fifth Circuit court:

> First, conclusory allegations and unwarranted deductions of fact are not accepted as true.  *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir .1974); *Collins*, 224 F.3d at 498. Moreover, courts **"are not bound to accept as true a legal conclusion couched as a factual allegation**.*" Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (emphasis ours).[4]

In order to establish a §1983 action, the plaintiff must establish (1) that there has been a violation of rights secured by the Constitution or laws of the United States, and (2) that such violation was committed by a person acting under color of state law.

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[5] The plaintiff's obligation is "to provide the 'grounds' of his 'entitlement to relief' [and] requires more than mere labels and conclusion," and a formulaic recitation of the elements of a cause of action will not do.[6]  The allegations must be sufficient "to

---

[2]*McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).

[3]*Cyrio v. Hunt*, 2007 WL 2772222 at *4 (E.D. La. Sept. 19, 2007)(citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990)).

[4]*Lawrence v. Morris*, 2010 WL 1434288, at 2 (W.D. La. Mar. 16, 2010), report and recommendation adopted, 2010 WL 1434286 (W.D. La. Apr. 8, 2010).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

[6]*Id.* at 1964-1965 citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986).

raise a right to relief above the speculative level"; "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[7] If a plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[8]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[11]

<u>LAW AND ARGUMENT</u>

The recoverability of punitive damages under Section 1983 or any other federal cause of action is the jurisprudential result of a federal cause of action.  This Court's attention is respectfully directed to the United States Supreme Court case of *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981), which unequivocally holds that a municipality is immune from punitive damages under Section 1983.  In its extensive analysis of the immunity of a

---

[7]*Id.* at 1965 citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004).

[8]*Id.* at 1974.

[9]*Twombly*, 7 U.S. at 555.

[10]*Iqbal*, 556 U.S. 678.

[11]*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

municipal corporation from punitive damages at common law, the U. S. Supreme Court reviewed the rationale of a number of cases prior to 1871, which unanimously denied such damages against a municipal corporation, including the Louisiana Supreme Court case *McGary v. President & Council of the City of Lafayette,* 12 Rob. 668 (La. 1846), stating:

> In *McGary*, for example, the Louisiana Supreme Court refused to allow punitive damages against the City of Lafayette despite the malicious acts of its municipal officers, who had violated an injunction by ordering the demolition of plaintiff's house.  Reasoning that the officials' malice should not be attributed to the taxpaying citizens of the community, the court explained its holding:
>
>> 'Those who violate the laws of their country, disregard the authority of courts of justice, and wantonly inflict injuries, certainly become thereby obnoxious to vindictive damages.  These, however, can never be allowed against the innocent. . .'

After determining that there was no evidence that Congress intended to disturb this previously well-settled immunity, the court then examined the considerations of public policy, holding:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct.  (citations omitted).  Regarding retribution, it remains true that an award of punitive damages against a municipality 'punishes' only the taxpayers who took no part in the commission of the tort. . . . Indeed punitive damages imposed on a municipality are in effect a windfall to a fully-compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill.  Neither reason nor justice suggests that such retribution should be visited upon the shoulders of the blameless or unknowing taxpayers. *City of Newport, supra.* at 2759, 2760.

In *Lewis v. Goodie*, 798 F. Supp. 382, 391 (W.D. La. 1992), the Western District of Louisiana followed *Newport*, and held that, "The City of Breaux Bridge has immunity from punitive damage awards under federal law."  Thus, plaintiff's Complaint fails to state a claim

-4-

upon which relief can be granted for punitive or exemplary damages against Lafayette City-Parish Consolidated Government, and any such claim for relief under federal law should be dismissed. Moreover, Former Interim Chief Morgan is sued in his official capacity only. Suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability.[12] Thus, plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages against Former Interim Chief Morgan in his official capacity, and any such claim for relief under federal law should be dismissed

Additionally, since Mayor-President Joshua Guillory or Former Interim Chief Scott Morgan were acting in the discharge of their official duties for Lafayette City-Parish Consolidated Government and/or the Lafayette Police Department, a finding of punitive damages against them would be tantamount to a finding against Lafayette City-Parish Consolidated Government, and therefore, the holding of *City of Newport v. Fact Concerts, Inc., supra.* also applies as to them.  *Kentucky v. Graham*, 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S.Ct. 3099 (1985), citing *Monel v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 55, 56 L. Ed. 2d 611, 98 S.Ct. 2018 (1978).  This Court has recognized the immunity of officers acting in their official capacity before in other decisions of the Western District of Louisiana generally, and more specifically, in the case of "Joseph Jinks vs. Ronald McDaniel, et al," Civil Action Number 00-2132-LC of this Court.  In addition, as Judge Doherty has previously ruled in the case of *Simmons v. City of Mamou*, 2009 WL 3294977 (W.D. La. 2009), a Motion to Dismiss, such as the one filed in this case, is properly granted in favor of a defendant-officer named in his official capacity.  Thus, plaintiff's claim for punitive damages against Mayor-

---

[12] *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (W.D.La.2012), citing *Monell, supra*.

President Joshua Guillory and Former Interim Chief Scott Morgan in their official capacities is likewise unavailable and must be dismissed.

Finally, it is well settled under Louisiana state law that punitive damages are not allowed in civil cases unless specifically provided for by statute. *Vincent vs. Morgan's Louisiana & T.R. & S.S. Co.*, 140 La. 1027, 74 So. 541 (1917); *American Steel Building Co. vs. Brezner*, 158 So. 2d 623 (La. App. 3 Cir. 12/3/1963); *Scamardo vs. Dunaway*, 94-545 (La. App. 5 Cir. 2/15/95), 650 So. 2d 417.  In the absence of such a specific statutory provision, only compensatory damages may be recovered. *International Harvester Credit Corp. v. Seale,* 518 So. 2d 1039, 1041 (La. 1988).  Accordingly, because there is no specific statutory provision for an award of punitive damages under the facts presented herein, plaintiff has no claim for punitive damages against MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; FORMER INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL CAPACITY AS FORMER INTERIM CHIEF OF POLICE FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; and LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT under Louisiana law.  Moreover, the Supremacy Clause of the United States Constitution, Article VI, Section 2, requires that this Honorable Court be bound by decisions of the U.S. Supreme Court, and therefore, all claims for punitive damages against these defendants under both state and federal law should be dismissed.

For the above reasons, defendants, MAYOR-PRESIDENT JOSHUA GUILLORY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR-PRESIDENT FOR LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (erroneously referred to as

"Josh Guillory"); FORMER INTERIM CHIEF SCOTT MORGAN, IN HIS OFFICIAL

CAPACITY AS FORMER INTERIM CHIEF OF POLICE FOR LAFAYETTE CITY-PARISH

CONSOLIDATED GOVERNMENT; and LAFAYETTE CITY-PARISH CONSOLIDATED

GOVERNMENT (erroneously referred to as "Lafayette Consolidated Government "),

respectfully request that the request for punitive damages by plaintiff herein be entirely dismissed

under both state and federal law.

BORNE, WILKES & RABALAIS, L.L.C.


BY:        s/Joy C. Rabalais
JOY C. RABALAIS (26476), T.A.
H. EDWARD BAROUSSE, III (28310)
JORDAN JOHN HENAGAN (36206)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
Telephone:  (337)  232-1604 Ext. 232
Facsimile:  (337) 232-1837
E-mail:  rabalais@bornewilkes.com

ATTORNEYS FOR MAYOR-PRESIDENT JOSHUA
GUILLORY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS MAYOR-PRESIDENT
FOR LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT (erroneously referred to as "Josh
Guillory"); FORMER INTERIM CHIEF SCOTT
MORGAN, IN HIS OFFICIAL CAPACITY AS
FORMER INTERIM CHIEF OF POLICE FOR
LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT; and LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT (erroneously
referred to as "Lafayette Consolidated Government ")