UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TARA FOGLEMAN-LAXEY                    :

VERSUS                                 :    CIVIL ACTION NO.:  6:21-CV-03038

JOSH GUILLORY, ET AL                   :    JUDGE MICHAEL J. JUNEAU;
                                            MAG. JUDGE HANNA

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MEMORANDUM IN SUPPORT OF MOTON TO DISMISS**
**FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Respectfully submitted,

BORNE, WILKES & RABALAIS, L.L.C.

BY:  _____s/Joy C. Rabalais_____
JOY C. RABALAIS (26476), T.A.
H. EDWARD BAROUSSE, III (28310)
JORDAN JOHN HENAGAN (36206)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
Telephone:  (337)  232-1604 Ext. 232
Facsimile:  (337) 232-1837
E-mail:  rabalais@bornewilkes.com

ATTORNEYS FOR DISTRICT ATTORNEY
DONALD LANDRY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS DISTRICT ATTORNEY
FOR THE 15TH JUDICIAL DISTRICT OF
LOUISIANA

## <u>TABLE OF CONTENTS</u>

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.      Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Law and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      Standard for Dismissal, FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.      DA Landry is entitled to absolute prosecutorial immunity. . . . . . . . . . . . . . . . . . 4

        C.      Alternatively, Plaintiff forewent this civil suit in exchange for dismissal of the
                criminal charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.      Plaintiff fails to state a viable *Monell* claim against DA Landry in his official
                capacity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## <u>TABLE OF AUTHORITIES</u>

**CASES:**

*Attuahene v. City of Hartford*, 10 Fed.Appx 33 (2d Cir. May 31, 2001) . . . . . . . . . . . . . . . . . . . . . . 6

*Bank of Am., N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bates v. McKenna*, 2012 U.S. Dist. LEXIS 113931, 2012 WL 3309381,
    (W.D. La. Aug. 13, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Beard v. Wolf*, 2014 U.S. Dist. LEXIS 100305 (E.D. La. July 22, 2014). . . . . . . . . . . . . . . . . 8, 9, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) . . . . . . . . . . . . 2

*Benavides v. County of Wilson*, 955 F.2d 968 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Brummett v. Camble*, 946 F.2d 1178 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Burge v. Par. of St. Tammany*, 187 F.3d 452 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burns v. Reed*, 500 U.S. 478 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . 4

*Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808
    (3rd Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed. 412 (1989) . . . . . . . . . . . . . . 13

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir.2000). . . . . . . . . . . . . . . . . . . . . . . . 4

*Connick v. Thompson*, 131 S. Ct. 1350 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Cousin v. Small*, 325 F.3d 627 (5th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cyrio v. Hunt*, 2007 WL 2772222 (E.D. La. Sept. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Deleon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Dory v. Ryan*, 25 F.3d 81 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Escort v. Derrick*, 2018 U.S. Dist. LEXIS 125004 (W.D. La. July 25, 2018) . . . . . . . . . . . . . . . . 10

*Evans v. Ball*, 168 F.3d 856 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5ᵗʰ Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 3

*Forrester v. White*, 484 U.S. 219 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Guidry v. American Public Life Ins. Co.*, 512 F.3d 177 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . 2

*Heck v. Humphrey*, 512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Hernandez v. Terrones*, 397 Fed.Appx. 954 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hill v. City of New York*, 45 F.3d 653 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Holmes v. Reddoch,* 2021 U.S. Dist. LEXIS 50981 (E.D. La. Mar. 18, 2021). . . . . . . . . . . . . . . . . 11

*Hoog-Watson v. Guadalupe Cty.*, 591 F.3d 431 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*House v. Belford*, 956 F.2d 711 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Imbler v. Pachtman*, 424 U.S. 409 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8, 9

*Johnson v. Louisiana*, 2010 WL 996475 (W.D. La. Mar. 16, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. McElveen*, 101 F.3d 423 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Jones v. Lowndes County, Mississippi*, 678 F.3d 344 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . 13

*Kadar v. City of New Orleans*, 2011WL1326641 (M.D.La. Apr. 5, 2011) . . . . . . . . . . . . . . . . . . . 12

*Kalina v. Fletcher*, 522 U.S. 118 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Knapper v. Connick*, 96-0434 (La. 10/15/96), 681 So. 2d 944. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lemoine v. Wolfe*, 168 So. 3d 362 (La. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Loupe v. O'Bannon,* 824 F.3d 534 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lucas v. Parish of Jefferson*, 999 F.Supp. 839 (E.D.La. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) . . . . . 6, 7, 12, 13, 14, 15, 16

*Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Pena v. City of Rio Grande City, Texas*, 879 F.3d 613 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . 14

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rooney v. Watson*, 101 F.3d 1378 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rykers v. Alford*, 832 F.2d 895 (5th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 14

*Taylor v. City of Shreveport*, 653 So.2d 232 (La.App. 2 Cir. 4/7/95). . . . . . . . . . . . . . . . . . . . . . . . 13

*Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Thibodeaux v. Watson*, No. CIV.A. 99-1408, 2000 WL 63310 (E.D. La. Jan. 20, 2000) . . . . . . . . . 4

*Tillman v. Burge*, 813 F. Supp. 2d 946 (N.D. Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Top Dollar Pawn, Gun & Car Audio No. 5 LLC v. Caddo Parish*, No. CIV.A. 12-0577,
    2013 WL 1069044 (W.D. La. Mar. 14, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Truvia v. Julien*, 187 F. App'x 346 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ulrich v. Scott,* 2016 U.S. Dist. LEXIS 116598 (W.D. La. Aug. 29, 2016) . . . . . . . . . . . . . . . . . . . . 8

*Van de Kamp* v. *Goldstein,* 555 U.S. 335 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vineyard v. County of Murray, Ga.*, 990 F.2d 1207 (11th Cir.), cert. denied,
    510 U.S. 1024 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Woods v. Edwards*, 51 F.3d 577 (5th Cir.1995), cert. denied, 122 S.Ct. 53 (2001) . . . . . . . . . . . . . . 6

*Yaselli v. Goff*, 275 U.S. 503 (1927) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . 13

## CONSTITUTIONAL PROVISIONS AND STATUTES

First Amendment, U.S. Constitution  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 16

Fourth Amendment, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 16

Fourteenth Amendment, U.S. Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 16

FRCP 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

42 U.S.C. 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 9, 12, 13, 15

La. Constitution, Article I, §7  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

La. Constitution, Article I, §9  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

La. Constitution, Article 5, §26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

La. C.Cr.P. art. 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 15

La. C.Cr.P. art. 691 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

La. R.S. 14:4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

La. R.S. 14:100.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

La. R.S. 14:103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

## <u>TREATISES AND OTHER AUTHORITIES</u>

2A James W. Moore et al., Moore's Federal Practice ¶ 12.07 [2.- 5],
    at 12-91 (1995) (footnote omitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure:
    Civil 2d § 1216, at 156-59 (1990) (footnote omitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prosecutorial Discretion Definition, *The Wolters Kluwer Bouvier Law Dictionary Desk Edition*
(2012 ed.), *available at LexisNexis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

MAY IT PLEASE THE COURT:

Defendant, DISTRICT ATTORNEY DONALD LANDRY, INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE 15TH JUDICIAL DISTRICT OF

LOUISIANA, respectfully requests that his Motion to Dismiss for Failure to State a Claim Upon

Which Relief can be Granted be granted by this Honorable Court for the following reasons:

## **FACTUAL BACKGROUND**

This case involves allegations made by plaintiff, TARA FOGLEMAN-LAXEY for alleged

injuries suffered stemming from state and federal law violations.  Plaintiff's Complaint asserts

claims under the First, Fourth and Fourteenth Amendments to the United States Constitution, as well

as claims pursuant to Louisiana state law [Court Doc. #1].  Plaintiff has sued (among others) mover,

DA Donald Landry in both his official and individual capacities [*Id* at ¶¶1 and 20].

On August 29, 2020, plaintiff asserts that she parked her truck on the public road in front of

Mayor Guillory's home. She claims that the entirety of her Chevrolet Silverado was parked on the

street [Court Doc. #1, p. 15]. She asserts that she proceeded to unload a barbeque pit from the

tailgate of the truck and began roasting hamburgers directly behind the truck.  Prior to taking these

actions, Plaintiff posted on her Facebook page earlier that day that her intention of the barbeque was

to make Mayor Guillory "uncomfortable," and she told others to message her for his address. While

grilling meats on the road, Plaintiff reconnected with her Facebook followers by live streaming the

event, "grabbing the attention of 15,000 viewers who were participating in the protest virtually."

[Court Doc. #1,  ¶ 36].  While on Facebook Live, plaintiff stated the address of Mayor Guillory's

residence for all viewers to hear.  A Channel 3 television crew also arrived at Plaintiff's BBQ protest

and began interviewing her [Court Doc. #1,  ¶ 39].  Lafayette Police officers arrived on the scene and

-1-

asked plaintiff to vacate the scene.  Plaintiff was informed that she was obstructing a roadway in violation of a state statute.  After conversing with the plaintiff and again requesting she vacate the area, she chose not to.  At that time Plaintiff was arrested and subsequently charged with violations of La. R.S. 14:100.1 (obstruction of a public passageway) and La. R.S. 14:103 (disturbing the peace).

On January 28, 2021, plaintiff claims that she attended public a meeting hosted by the Acadiana Patriots group.  At the meeting, plaintiff alleges that she questioned Mayor Guillory's stance on COVID-19.  Plaintiff asserts that as a result of her attendance and questioning of the Mayor-President at that meeting, on the next day, January 29, 2021, DA Landry filed formal charges against her [Court Doc. #1, ¶65].  Thereafter, on February 8, 2021, Plaintiff agreed to a Civil Stay Away Order in exchange for the dismissal of her criminal charges. (Exhibit A, Transcript from February 8, 2021 hearing and Exhibit B, Civil Stay Away Order.)

Mover herein, DA Donald Landry, shows that plaintiff's Complaint fails to state a claim against him in any capacity, as he is entitled to absolute prosecutorial immunity.  Thus, plaintiff's Complaint should be dismissed, with full prejudice.

## LAW AND ARGUMENT

### A.   *Standard for Dismissal, FRCP 12(b)(6)*

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citation and footnote omitted).

A court should dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) when the plaintiff fails to plead specific facts entitling him to relief.  Conclusory allegations or legal conclusions do not suffice.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Id.*  (quoting 3 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1216, at 156-59 (1990) (footnote omitted)). "'[A] statement of facts that merely creates a suspicion that the pleader might have a right of action' is insufficient." *Id.* (quoting 3 Charles A. Wright & Arthur R. Miller, supra., at 163 (footnote omitted)). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief...." *Id.* (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 12.07 [2.- 5], at 12-91 (1995) (footnote omitted)). "The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." *Id.* (quoting *Gooley v. Mobil Oil Corp*., 851 F.2d 513, 514 (1st Cir.1988)). "Further, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

In addition, in resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. *Cyrio v. Hunt*, 2007 WL 2772222 at * 4 (E.D. La. Sept. 19, 2007). However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Id*. (citing *Chester*

*County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990)).

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5ᵗʰ Cir. 2004)(citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.2000)).

In the context of Section 1983 claims, dismissal is appropriate pursuant to Rule 12(b)(6) when the face of the complaint shows that the plaintiff cannot overcome the defense of absolute immunity. See e.g. *Top Dollar Pawn, Gun & Car Audio No. 5 LLC v. Caddo Parish*, No. CIV.A. 12-0577, 2013 WL 1069044 (W.D. La. Mar. 14, 2013)(Hicks, J.); *Thibodeaux v. Watson*, No. CIV.A. 99-1408, 2000 WL 63310 (E.D. La. Jan. 20, 2000)(Clement, J.).

**B.**      **_DA Landry is entitled to absolute prosecutorial immunity_**

Plaintiff's claims against DA Landry in his individual capacity must be dismissed, because plaintiff failed to plead any facts which could plausibly overcome DA Landry's entitlement to absolute prosecutorial immunity. The Supreme Court first established absolute immunity for prosecutors in *Imbler v. Pachtman*, 424 U.S. 409 (1976).  There, the Court held that a prosecutor was absolutely immune from liability for allegedly bringing a prosecution despite an exculpatory lie detector test, using perjured testimony at trial, and withholding exculpatory evidence under §1983: "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983." *Id* at 431. The rationale behind affording prosecutors absolute immunity, according to the Supreme Court, is that "[i]f a prosecutor had only a qualified immunity, the threat of [§] 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious  prosecution."  *Id* at 424.

-4-

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In its most basic form, "[a]bsolute immunity protects a person from being sued in connection with his duties altogether, ***regardless of the merits of the claim***." See *Lucas v. Parish of Jefferson*, 999 F.Supp. 839, 842 (E.D.La. 1998)(Berrigan, J.)(emphasis added).  In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); see also *O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

 In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process," which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the *duty to decide which charges to bring and whether to pursue a conviction in court*. See *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).  Likewise, "prosecution is the very definition of a prosecutor's role." *Tillman v. Burge*, 813 F. Supp. 2d 946, 986 (N.D. Ill. 2011). Immunity from a §1983 suit covers actions taken by a prosecutor in initiating prosecutions and presenting a criminal case on behalf of a state. *Id* at 431. This immunity extends to actions taken by a prosecutor that are "intimately associated with the judicial phase of the criminal process" outside of a criminal trial. *Loupe* v. *O'Bannon,* 824 F.3d 534, 538 (5th Cir. 2016)(quoting *Imbler,* 424 U.S. at 430). Such

-5-

actions include pretrial court appearances by a prosecutor *(Burns* v. *Reed,* 500 U.S. 478, 492 (1991));

**the decision to file charging documents and the preparation of those documents** *(Kalina* v.

*Fletcher,* 522 U.S. 118, 129 (1997)); and administrative obligations such as training, supervision, and

information management that are directly connected with the conduct of trial *(Van de Kamp* v.

*Goldstein,* 555 U.S. 335, 344 (2009)).

Here, all of Plaintiff's allegations against DA Landry are intimately associated with the

bringing of charges and the criminal court process. Plaintiff challenges her prosecution on the

criminal charges. DA Landry is clearly entitled to absolute immunity for his role in bringing and

prosecuting the charges against plaintiff. Plaintiff alleges that DA Landry is liable under the

following theories:

a.  §1983 claim for violating her rights to free speech, peaceful assembly, and petition the government  [Complaint, Court Doc. #1, Count 1 at ¶¶  82 & 91];

b.  Violations of Article I, §§ 7 and 9 of the Louisiana Constitution [Count 2 in the Complaint, p. 30 at ¶¶84-87];

c.  §1983 claim for retaliatory arrest [Complaint, Court Doc. #1, Count 3, p. 30 at  ¶¶91-97];

d.  §1983 claim for unreasonable search and seizure [Complaint, Court Doc. #1, Count 4, p. 32 at ¶¶98-112];[1]

---

[1]Despite the fact that Count 4's claims are against "all defendants," plaintiff failed to state any facts specifically against DA Landry for these claims. Mover notes that allegations of collective responsibility cannot be used to attach liability to DA Landry in the §1983 context. Both the Fifth Circuit and the Supreme Court have found that §1983 liability is personal, and cannot be established by allegations of collective wrongdoing. See *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir.1995), cert. denied, 122 S.Ct. 53 (2001); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, "[e]ach defendant's actions must be evaluated individually in the qualified immunity context." *Hernandez v. Terrones*, 397 Fed.Appx. 954, 964 (5th Cir. 2010). Other Circuits have more specifically addressed the type of "group" pleading attempted by the Plaintiffs in this case, and found it insufficient in the context of current federal pleading standards in general, and §1983 actions in particular. See *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008); *Attuahene v. City of Hartford*, 10 Fed.Appx 33, 34 (2d Cir. May 31, 2001). Plaintiff cannot rely upon allegations that actions were taken by some or all members of a collective whole to establish a plausible claim against DA Landry.

e.      § 1983 *Monell* claim [Complaint, Court Doc. #1, Count 5, p. 34 at ¶¶115-116];[2]

f.      Malicious Prosecution and civil conspiracy [Complaint, Court Doc. #1, Count 6, p. 37 at ¶¶121-126];

g.      Abuse of Process [Complaint, Court Doc. #1, Count 8, p. 40 at  ¶132-134];[3] and

h.      Intentional infliction of emotional distress under Louisiana state law [Complaint, Court Doc. #1, Count 8 (*sic*) at  ¶135-142].

Controlling jurisprudence from the Supreme Court, Fifth Circuit Court of Appeals, and this Honorable Court establish that each and every one of plaintiff's claims are barred under the doctrine of absolute prosecutorial immunity. First, with respect to all claims brought under 42 U.S.C. § 1983, "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983."  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).

Second, with respect to any malicious prosecution claim, *Imbler* recognized that the doctrine of absolute immunity shields prosecutors from individual liability from such claims. See *Imbler*, 424 U.S. at 424-429. The Fifth Circuit has followed suit in recognizing that absolute immunity shelters prosecutors, even when they act maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991)(citing *Rykers v. Alford*, 832 F.2d 895 (5th Cir.1987)).  Although not pled here, the Fifth Circuit has even specifically held that suppression of exculpatory evidence — a so called "*Brady* violation*"*— is protected by absolute immunity. See *Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006)(citing *Cousin v. Small*, 325 F.3d 627, 635 & n. 11 (5th Cir.2003)) and  *Johnson v. Louisiana*, 2010 WL 996475 (W.D. La. Mar. 16, 2010)(Hicks, J.).

---

[2]As a matter of law, DA Landry has sole discretion on which charges to prosecute under Louisiana law.  See La. Constitution, Article 5, §26 and La. C.Cr.P. art. 61.

[3]Despite the title of this Claim 8 stating that the allegations are made against DA Landry, there are no facts under this claim specific as to DA Landry.

Third, with respect to both civil conspiracy and malicious prosecution claims, "when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." *Tillman v. Burge*, 813 F. Supp. 2d 946, 985 (N.D. Ill. 2011)  (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) and *Hill v. City of New York*, 45 F.3d 653, 659 n.2 (2d Cir. 1995)).  DA Landry cannot be liable for any sort of conspiracy to deprive Plaintiff of her civil rights by virtue of his acts as prosecutor because, "[a]s a matter of logic, '[a] person may not be prosecuted for conspiring to commit an act that he may perform with impunity.'" *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001)(quoting *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992)).

Fourth, even if plaintiff could satisfy the elements of an abuse of power claim, DA Landry is, nevertheless, protected by absolute immunity.  *Ulrich v. Scott,* 2016 U.S. Dist. LEXIS 116598, at *17-19 (W.D. La. Aug. 29, 2016).

Fifth, with respect to claims for intentional infliction of emotional distress, "when the activities giving rise to the cause of action do occur in the prosecutor's role as an advocate for the state, his motivations and intentions are irrelevant to whether absolute immunity applies, as are allegations of maliciousness, recklessness dishonesty, or just plain negligence." *Beard v. Wolf*, 2014 U.S. Dist. LEXIS 100305, at *7 (E.D. La. July 22, 2014), citing *Imbler*, 424 U.S. at 427. In other words, once the functional test is satisfied, the immunity is **<u>unconditional</u>**.  Here, plaintiff's Complaint is that DA Landry charged her in the absence of probable cause, either because the statutes under which she was charged are unconstitutional, or that the charges were levied against her as retaliation. These allegations fall squarely within the contours of absolute prosecutorial immunity. As the Court suggested in *Imbler*, the protection of absolute prosecutorial immunity is at its zenith

when charging decisions are involved. See *Imbler*, 424 U.S. at 421; *Beard, supra*. And because the immunity is unconditional, plaintiff's allegations of collusion, i.e., that DA Landry charged her at the Mayor's behest in retaliation for her protected speech, is irrelevant to the immunity analysis. *Accord Beard, supra.*

Finally, with respect to plaintiffs' purported Louisiana constitutional claims, the Louisiana Code of Criminal Procedure gives district attorneys complete discretion over who, what, how, and when to prosecute: "[T]he district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." See La. Constitution, Article 5, §26 and La. C.Cr.P. art. 61. See also, *Burge v. Par. of St. Tammany*, 187 F.3d 452, 469 (5th Cir. 1999)("[T]he Louisiana Constitution provides that the district attorney has charge of every criminal prosecution by the State in his district, and is the representative of the State before, and the legal advisor to, the grand jury."). In accordance therewith, the Louisiana Supreme Court held in *Knapper v. Connick*, 96-0434 (La. 10/15/96), 681 So. 2d 944, 951, that "the interests of justice as a whole are best served by extending absolute immunity in cases" where prosecutorial misconduct is alleged. Thus, plaintiff cannot state a claim upon which relief can be granted against DA Landry in his individual capacity based on purported violations of Plaintiff's Louisiana constitutional rights, either.

Thus, all of Plaintiff's claims pursuant to § 1983, state law torts, and the Louisiana Constitution should be dismissed for failure to state a claim upon which relief can be granted, since DA Landry is entitled to absolute prosecutorial immunity.

**C.**      *Alternatively, Plaintiff forewent this civil suit in exchange for dismissal of the criminal charges*

Plaintiff claims that DA Landry violated her First, Fourth, and Fourteenth Amendment rights to free speech, to peaceful assembly, to petition the Government for redress and grievances, and to be free from unlawful search and seizure.  Plaintiff also brings claims pursuant to Louisiana state law. However, these claims are barred by the *Heck* doctrine, as plaintiff has entered into a pretrial diversion agreement which ultimately led to the dismissal of the charges brought against her.

Under the *Heck* doctrine, there can be no viable claim for damages where charges are dismissed pursuant to pretrial programs such as pretrial diversion agreements, accelerated rehabilitation disposition programs, deferred adjudication orders, and pretrial intervention programs, wherein charges are dismissed only after the criminal defendant successfully completes a probationary period. See *Bates v. McKenna*, 2012 U.S. Dist. LEXIS 113931, 2012 WL 3309381, at *3-4, (W.D. La. Aug. 13, 2012). In *Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994), the Fifth Circuit reasoned "that entering a pre-trial diversion agreement does not terminate the criminal action in favor of the criminal defendant." *Id*. at 456. The court held that "by entering these agreements, criminal defendants are **effectively foregoing their potential [civil] suit[s] in exchange for conditional dismissal of their criminal charges.**" *Id.* The Fifth Circuit has also noted that "proceedings are terminated in favor of the accused only when their final disposition indicates that the accused is not guilty." *Evans v. Ball*, 168 F.3d 856, 859 (5th Cir. 1999); *Escort v. Derrick*, 2018 U.S. Dist. LEXIS 125004, at *6-7 (W.D. La. July 25, 2018); *Castellano v. Fragozo*, 352 F.3d 939, 948 (5th Cir. 2003). Furthermore, proceedings are not terminated in favor of the plaintiff when the dismissal was conditioned upon an agreement or compromise.

-10-

The Louisiana Supreme Court, when answering a question certified by the U.S. Fifth Circuit, explained that conditional dismissal of a prosecution does not imply favorable termination: "dismissal of a criminal prosecution pursuant to La. C.Cr.P. art. 691 will constitute a bona fide termination in favor of the . . . plaintiff **unless the charge is dismissed pursuant to an agreement of compromise.**" *Lemoine v. Wolfe*, 168 So. 3d 362, 364 (La. 2015) (emphasis added). Therefore, when a charge is dismissed pursuant to an agreement of compromise, it does not terminate in the plaintiff's favor. *Holmes v. Reddoch*, 2021 U.S. Dist. LEXIS 50981, at *13 (E.D. La. Mar. 18, 2021).

"To lift the *Heck* bar, **the plaintiff must show that the prior criminal proceeding terminated in his favor**. . .The plaintiff has the burden to prove that the criminal proceedings terminated in his favor." *Hoog-Watson v. Guadalupe Cty.*, 591 F.3d 431, 435 (5th Cir. 2009). Absent such a showing, a *Heck*-barred claim should be 'dismissed with prejudice to [its] being asserted again until the *Heck* conditions are met.' *DeLeon v. City of Corpus Christi*, 488 F.3d at 657 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996))." *Holmes v. Reddoch*, 2021 U.S. Dist. LEXIS 50981, at *11-12 (E.D. La. Mar. 18, 2021).

Here, the public records introduced at Exhibits A and B prove that plaintiff will be unable to show that the criminal charges were terminated favorably. Plaintiff's charges were dismissed with prejudice "in exchange for a civil stay away order against the Mayor President, Josh Guillory." (Exhibit A, Transcript of Hearing, p. 2.)   This stipulated Civil Stay Away Order agreement was validly executed by both plaintiff and the Assistant District Attorney, Lance Beal, and was filed into the record.  (Exhibit B, Civil Stay Away Order and Exhibit C, Minutes from 2-8-21 hearing.)

But for entering into the agreement, the criminal charges would not have been dismissed. Since *Heck*'s conditions are not met, and nothing regarding the pretrial diversion agreement has been

overturned or set aside on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding, *Heck* bars this lawsuit. *Accord, Bates, supra.* For purposes of *Heck*, Plaintiff's voluntary participation in this agreement with the District Attorney's Office is equivalent to a conviction. See *Evans v. Ball*, 168 F.3d 856, 859 (5th Cir. 1999); *Kadar v. City of New Orleans*, 2011WL1326641 (M.D.La. Apr. 5, 2011); *Deleon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007). Plaintiff is therefore barred under *Heck* from asserting any claims, state or federal, that would impugn the validity of her pretrial diversion agreement.

### D.    *Plaintiff fails to state a viable* **Monell** *claim against DA Landry in his official capacity*

Plaintiff alleges *Monell* violations against DA Landry for filing formal charges against her as the "final decision maker on prosecutorial discretion." [Complaint, Court Doc. #1 , ¶116]. Plaintiff contends DA Landry's actions were taken without just cause, reason, or legal basis. She then complains that the DA's office "ratified" the Consolidated Government's "de facto" policies, customs or practices to use state law to arrest peaceful protestors [*Id* at ¶117]. Aside from mentioning her own arrest and prosecution, plaintiff fails to identify how DA Landry had "notice" of the unspecified "continuing, widespread, and persistent" policies, customs and patterns of biased policing and prosecution and/or how these were made known to DA Landry.

First, the issue of whether there existed a "policy, custom or practice" of the District Attorney's Office does not even come into play here, since "an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir.), cert. denied, 510 U.S. 1024 (1993)(Only when it is clear that a violation of specific rights has occurred can the question of Section 1983 municipal liability for the injury arise). Since

DA Landry is entitled to absolute prosecutorial immunity, there need not be inquiry into any alleged *de facto* policies as alleged in the Complaint.

Second, Plaintiff asserts no particularized facts whatsoever against the DA Landry in his official capacity to maintain a *Monell* claim against the DA's office.  Instead, plaintiff's Complaint merely asserts boiler-plate language and does nothing more than assert legal conclusions.

 A claim of municipal liability under 42 U.S.C. § 1983 requires proof of three elements: (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose moving force is the policy or custom.  *Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012).  The alleged deprivation must be connected to a governmental custom, policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers.  *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).  A municipality cannot be held liable solely under the doctrine of *respondeat superior. See Taylor v. City of Shreveport*, 653 So.2d 232 (La.App. 2 Cir. 4/7/95).  A municipality may incur liability under §1983 for its non-policy-making employees' acts when a municipal policy of hiring or training causes those acts.  *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 170 (5th Cir. 2010).  To establish liability under such a theory, the plaintiff must show that (1) the training or hiring procedures of the municipality's policymaker were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) the inadequate hiring or training policy directly caused the plaintiff's injury.  *Benavides*, 955 F.2d at 972 citing *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1205-07, 103 L.Ed. 412 (1989); *Zarnow*, 614 F.3d at 170.  A municipality acts with "deliberate indifference" if:  in light of the duties assigned to specific officers or employees, the need for more or different training is so

obvious, and the inadequacy so likely to result in violations of constitutional rights, that the

policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

*Benavides*, 955 F.2d at 972. Plaintiff makes no specific allegations as to DA Landry's hiring or

training policies.

      To proceed beyond the pleading stage, a complaint's "description of a policy or custom and

its relationship to the under-lying constitutional violation . . . cannot be conclusory; it must contain

specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). In

*Spiller*, 130 F.3d at 167, the Fifth Circuit rejected, as "vague and conclusory," a claim by a black

motorist, arrested without probable cause, that his arrest resulted from the police department's

general policy of "disregard[ing] . . . the rights of African American citizens" and of "engag[ing]

[African Americans] without regard to probable cause to arrest."  See also *Culbertson v. Lykos*, 790

F.3d 608, 628 (5th Cir. 2015)(affirming dismissal for failure to state a *Monell* claim where alleged

misconduct pertained only to plaintiffs).  Similarly, in *Pena v. City of Rio Grande City, Texas*, 879

F.3d 613 (5th Cir. 2018), the Fifth Circuit held that allegations amounting to the single incident at

issue were not sufficient enough to establish a *Monell* claim.   To plausibly plead a practice "so

persistent and widespread as to practically have the force of law," a plaintiff must do more than

describe the incident that gave rise to his injury. *Pena*, *supra*, citing, *Connick*, 563 U.S. at 61.  Here,

the only incident alleged is the one at issue.

      Further, the very definition of prosecutorial discretion is "the authority of a supervising

prosecutor to determine whether or not to bring a criminal charge against a person or entity who has

been accused of criminal conduct."  Prosecutorial Discretion Definition*, The Wolters Kluwer*

-14-

*Bouvier Law Dictionary Desk Edition* (2012 ed.), *available at LexisNexis*. Furthermore Louisiana

Revised Statute § 14:4 provides:

> "Prosecution may proceed under either provision, in the **discretion** of the district
> attorney, whenever an offender's conduct is:
>
> (1)   Criminal according to a general article of this Code or Section of this Chapter
>       of the Revised Statutes and also according to a special article of this Code or
>       Section of this Chapter of the Revised Statutes; or
>
> (2)   Criminal according to an article of the Code or Section of this Chapter of the
>       Revised Statutes and also according to some other provision of the Revised
>       Statutes, some special statute, or some constitutional provision.

By definition, a prosecutor's exercise of discretion to bring criminal charges cannot

constitute an official policy.  DA Landry "has entire charge and control of every criminal

prosecution instituted or pending in his district, and determines whom, when, and how he shall

prosecute."  La. C.Cr.P. art. 61. Merely pleading that DA Landry's action of filing charges

against plaintiff pursuant to his broad discretion as the District Attorney granted by state law,

without more than conclusory allegations, fails to plausibly plead that any official policy of the

District Attorney's office led to any purported constitutional violation.

The official capacity claims against the District Attorney are governed by the

municipality liability principles derived from *Monell v. New York City Department of Social

Services*, 436 U.S. 658 (1978), and its progeny. See *Connick v. Thompson*, 131 S. Ct. 1350,

1359, 179 L. Ed. 2d 417 (2011). A local governmental entity may be liable under § 1983 if the

entity itself causes a person to be subjected to a deprivation of his rights. *Connick*, 131 S. Ct. at

1359 (quoting *Monell*, 436 U.S. at 692). The entity will not be vicariously liable for the

constitutional torts of its employees. *Id.* A plaintiff who seeks to impose liability on a

-15-

municipality must prove that the acts that deprived her of her rights were taken pursuant to a municipal policy, as promulgated by the final policymaker for the municipality. See *id.*; *Beard v. Wolf*, 2014 U.S. Dist. LEXIS 100305, at *9 (E.D. La. July 22, 2014).

Based on the foregoing, Plaintiff fails to state a claim upon which relief can be granted regarding DA Landry's alleged *Monell* violations of her First, Fourth, and Fourteenth Amendment rights.  Thus, any potential *Monell* claim against DA Landry in his official capacity should likewise be dismissed, with full prejudice.

## CONCLUSION

For the foregoing reasons, Defendant, DISTRICT ATTORNEY DONALD LANDRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE 15TH JUDICIAL DISTRICT OF LOUISIANA, prays that he be dismissed from any and all claims presented in this lawsuit, with prejudice and at plaintiff's sole cost.

AND FOR ALL JUST AND EQUITABLE RELIEF, ETC.

BORNE, WILKES & RABALAIS, L.L.C.

BY:  _____S/Joy C. Rabalais_____
JOY C. RABALAIS (26476), T.A.
H. EDWARD BAROUSSE, III (28310)
JORDAN JOHN HENAGAN (36206)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 232
Facsimile: (337) 232-1837
E-mail: rabalais@bornewilkes.com

-16-

ATTORNEYS FOR DISTRICT ATTORNEY
DONALD LANDRY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS DISTRICT ATTORNEY
FOR THE 15TH JUDICIAL DISTRICT OF
LOUISIANA