UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TARA FOGLEMAN-LAXEY | CIVIL ACTION NO. 6:21-CV-03038 |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE PATRICK J. HANNA |

## ANSWER AND AFFIRMATIVE DEFENSES OF SHERIFF MARK GARBER TO THE PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes and appears Sheriff Mark Garber, ("Sheriff") and in response to the complaint of, the plaintiff, Tara Fogleman-Laxey, aver on information and belief as follows:

1.

The Complaint fails to state a cause of action against the Sheriff, for the reasons more fully discussed in Sheriff's Rule 12(b)(6) motion.

2.

The Complaint against the Sheriff is vague and the Plaintiff should be required to provide a more definite statement as more fully described in the Sheriff's Rule 12(e) Motion.

3.

The referencing of newspaper articles throughout the Complaint should be struck and are impermissible.

4.

The allegations contained in the preamble/introductory paragraph and in the prayer/final paragraph of the Complaint require no response.

5.

The allegations of Paragraph 2 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

6.

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

7.

The allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

8.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

9.

The allegations of Paragraph 6 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

10

The allegations of Paragraph 7 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

11.

The allegations of Paragraph 8 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

12.

The allegations of Paragraph 9 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

13.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

14.

The allegations of Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

15.

The allegations of Paragraph 12 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

16.

The allegations of Paragraph 13 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

17.

The allegations of Paragraph 14 of the Complaint do not require a response.

18.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient

information to justify a belief as to the truth of the matter therein.

19.

The allegations of Paragraph 16 of the Complaint are admitted.

20.

The allegations of Paragraph 17 of the Complaint are admitted.

21.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

22.

The allegations of Paragraph 19 of the Complaint are admitted.

23.

The allegations of Paragraph 20 of the Complaint are admitted.

24.

The allegations of Paragraph 21 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

25.

The allegations of Paragraph 22 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

26.

The allegations of Paragraph 23 of the Complaint do not require a response.

27.

The allegations of Paragraph 24 of the Complaint do not require a response.

28.

The allegations of Paragraph 25 of the Complaint do not require a response.

29.

The allegations of Paragraph 26 of the Complaint do not require a response.

30.

The allegations of Paragraph 27 of the Complaint are denied as written.

31.

The allegations of Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

32.

The allegations of Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

33.

The allegations of Paragraph 30 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

34.

The allegations of Paragraph 31 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

35.

The allegations of Paragraph 32 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

36.

The allegations of Paragraph 33 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

37.

The allegations of Paragraph 34 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

38.

The allegations of Paragraph 35 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

39.

The allegations of Paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

40.

The allegations of Paragraph 37 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

41.

The allegations of Paragraph 38 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

42.

The allegations of Paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

43.

The allegations of Paragraph 40 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

44.

The allegations of Paragraph 41 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

45.

The allegations of Paragraph 42 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

46.

The allegations of Paragraph 43 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

47.

The allegations of Paragraph 44 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

48.

The allegations of Paragraph 45 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

49.

The allegations of Paragraph 46 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

50.

The allegations of Paragraph 47 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

51.

The allegations of Paragraph 48 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

52.

The allegations of Paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

53.

The allegations of Paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

54.

The allegations of Paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

55.

The allegations of Paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

56.

The allegations of Paragraph 53 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

57.

The allegations of Paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

58.

The allegations of Paragraph 55 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

59.

Sheriff Garber admits Ms. Fogleman-Laxey was moved to Lafayette Parish Correctional Center but denies for lack of sufficient information the remaining allegations only of Paragraph 56.

60.

The allegations of Paragraph 57 of the Complaint are denied.

61.

The allegations of Paragraph 58 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

62.

The allegations of Paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

61. [Sic]

The allegations of Paragraph 58 of the Complaint are admitted.

62. [Sic]

The allegations of Paragraph 59 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

63.

The allegations of Paragraph 60 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

64.

The allegations of Paragraph 61 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

65.

The allegations of Paragraph 62 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

66.

The allegations of Paragraph 63 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

67.

The allegations of Paragraph 64 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

68.

The allegations of Paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

69.

The allegations of Paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

70.

The allegations of Paragraph 67 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

71.

The allegations of Paragraph 68 of the Complaint are admitted except to aver Ms. Fogleman-Laxey's First Amendment Rights were not violated.

72.

The allegations of Paragraph 69 of the Complaint are denied.

73.

The allegations of Paragraph 70 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

74.

The allegations of Paragraph 71 of the Complaint are admitted except to aver Ms. Fogleman-Laxey's First Amendment Rights were not violated.

75.

The allegations of Paragraph 72 of the Complaint are admitted.

76.

The allegations of Paragraph 73 of the Complaint are denied.

77.

The allegations of Paragraph 74 of the Complaint are denied.

78.

The allegations of Paragraph 75 of the Complaint are denied.

79.

The allegations of Paragraph 76 of the Complaint are denied.

80.

The allegations of Paragraph 77 of the Complaint are denied.

81.

The allegations of Paragraph 78 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

82.

The allegations of Paragraph 79 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

83.

The allegations of Paragraph 80 of the Complaint are denied.

84.

The allegations of Paragraph 81 of the Complaint are denied.

85.

The allegations of Paragraph 82 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

86.

The allegations of Paragraph 83 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

87.

The allegations of Paragraph 84 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

88.

The allegations of Paragraph 85 of the Complaint are admitted.

89.

The allegations of Paragraph 86 of the Complaint are admitted.

90.

The allegations of Paragraph 87 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

91.

The allegations of Paragraph 88 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

92.

The allegations of Paragraph 89 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

93.

The allegations of Paragraph 90 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

94.

The allegations of Paragraph 91 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

95.

The allegations of Paragraph 92 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

96.

The allegations of Paragraph 93 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

97.

The allegations of Paragraph 94 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

98.

The allegations of Paragraph 95 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

99.

The allegations of Paragraph 96 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

100.

The allegations of Paragraph 97 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

101.

The allegations of Paragraph 98 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

102.

The allegations of Paragraph 99 of the Complaint are admitted.

103.

The allegations of Paragraph 100 of the Complaint are admitted.

104.

The allegations of Paragraph 101 of the Complaint are admitted.

105.

The allegations of Paragraph 102 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

106.

The allegations of Paragraph 103 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

107.

The allegations of Paragraph 104 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

108.

The allegations of Paragraph 105 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

109.

The allegations of Paragraph 106 of the Complaint are denied.

110.

The allegations of Paragraph 107 of the Complaint are denied.

111.

The allegations of Paragraph 108 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

112.

The allegations of Paragraph 109 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

113.

The allegations of Paragraph 110 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

114.

The allegations of Paragraph 111 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

115.

The allegations of Paragraph 112 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

116.

The allegations of Paragraph 113 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

117.

The allegations of Paragraph 114 are admitted.

118.

The allegations of Paragraph 115 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

119.

The allegations of Paragraph 116 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

120.

The allegations of Paragraph 117 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

121.

The allegations of Paragraph 118 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

122.

The allegations of Paragraph 119 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

123.

The allegations of Paragraph 120 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

124.

The allegations of Paragraph 121 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

125.

The allegations of Paragraph 122 of the Complaint are admitted.

126.

The allegations of Paragraph 123 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

127.

The allegations of Paragraph 124 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

128.

The allegations of Paragraph 125 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

129.

The allegations of Paragraph 126 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

130.

The allegations of Paragraph 127 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

131.

The allegations of Paragraph 128 of the Complaint are admitted.

132.

The allegations of Paragraph 129 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

133.

The allegations of Paragraph 130 of the Complaint are denied.

134.

The allegations of Paragraph 131 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

135.

The allegations of Paragraph 132 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

136.

The allegations of Paragraph 133 of the Complaint are admitted.

137.

The allegations of Paragraph 134 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

138.

The allegations of Paragraph 135 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

139.

The allegations of Paragraph 136 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

140.

The allegations of Paragraph 137 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

141.

The allegations of Paragraph 138 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

142.

The allegations of Paragraph 139 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

143.

The allegations of Paragraph 140 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

144.

The allegations of Paragraph 141 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

145.

The allegations of Paragraph 142 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

146.

The allegations of Paragraph 143 of the Complaint do not require a response.  To the extent an answer is required Sheriff Garber would reiterate each of the previous responses to these allegations.

147.

The allegations of Paragraph 144 of the Complaint are admitted.

148.

The allegations of Paragraph 145 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

149.

The allegations of Paragraph 146 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth of the matter therein.

150.

The allegations of Paragraph 147 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

151.

The allegations of Paragraph 148 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

152.

The allegations of Paragraph 149 of the Complaint are denied in so far as the allegations relate or refer to Sheriff Garber.

**AND NOW FOR FURTHER ANSWER,** Defendants affirmatively aver as follows:

**First Affirmative Defense**

The Sheriff affirmatively avers at all relevant times, he acted reasonably and prudently under the circumstances and complied with all applicable Louisiana and federal laws and regulations.

**Second Affirmative Defense**

The Sheriff affirmatively avers the Complaint filed on behalf of the Plaintiff fails to state a claim against the Sheriff upon which relief may be granted.

**Third Affirmative Defense**

The Sheriff affirmatively avers he is entitled to qualified immunity, to the extent the Plaintiff contends he is liable in his individual capacity.

### Fourth Affirmative Defense

The Sheriff affirmatively avers he is entitled to discretionary immunity, whether created by state case law, federal case law, La. R.S. § 9:2798.1, or any other statute.

### Fifth Affirmative Defense

The Sheriff affirmatively asserts the statutory cap on compensatory damages as provided by Louisiana Law, and affirmatively asserts the statutory prohibition on punitive damages against a governmental entity as provided in U.S.C. § 1981a(b)(1).

### Sixth Affirmative Defense

The Sheriff affirmatively avers the damages alleged by the Plaintiff, should any exist, which is not admitted but specifically denied, were not sustained as a result of any negligence, fault, want of due care, or breach of duty on the part of the Sheriff nor on the part of others for whose conduct the Sheriff may in any way be responsible, but occurred and/or were caused solely by the fault, negligence, want of due care, and/or breach of duty on the part of the Plaintiff, which precludes and bars any recovery by the Plaintiff against the Sheriff or, alternatively, operates in mitigation of any recovery under comparative fault principles.

### Seventh Affirmative Defense

The Sheriff affirmatively avers the damages, if any, were proximately caused in whole, or alternatively in part, by the negligence, legal fault, want of care, and/or breach of duty on the part of persons or other entities for whom the Sheriff is not and/or was not legally responsible, which is specifically pled in bar of, in reduction of, or in mitigation of the damages claimed by the Plaintiff herein.

### Eighth Affirmative Defense

The Sheriff affirmatively avers that comparative fault principles, particularly the law of joint and divisible liability, apply to the Plaintiff's claims.

### Ninth Affirmative Defense

In the alternative, and only in the event of any negligence, fault, or liability on the part of the Sheriff, which is not admitted but is specifically denied, the Sheriff affirmatively avers the Plaintiff may have failed to fully and properly mitigate her damages, if any, which are not admitted but are specifically denied, as required by law and such failure serves to bar and/or reduce any recovery of damages herein.

### Tenth Affirmative Defense

The Sheriff affirmatively avers the Plaintiff is estopped from pursuing the claims in the Complaint, by reason of her own actions, course of conduct, previous proceedings, and conflicting contentions.

### Eleventh Affirmative Defense

The Sheriff affirmatively avers the Plaintiff has waived the right to bring some or all of the claims in the Complaint due to her actions, course of conduct, previous proceedings, and conflicting contentions.

### Twelfth Affirmative Defense

The Sheriff affirmatively avers the Plaintiff's claims are barred by the doctrine of unclean hands.

## **Thirteenth Affirmative Defense**

The Sheriff reserves the right to assert any additional affirmative defenses, which may be applicable as information becomes available during the course of this litigation.

**WHEREFORE,** Defendant prays that this Answer be deemed good and sufficient, and, after all due proceedings, there be judgment in favor of Sheriff Garber and against the Plaintiff dismissing the Plaintiff's claims with full prejudice and at the Plaintiff's sole cost and expense and for all other just, general and equitable relief.

Respectfully submitted,

**NEUNERPATE**

**_s/James L. Pate_**
JAMES L. PATE                              #10333
(jpate@neunerpate.com)
JENNIFER M. ARDOIN                   #30378
(jardoin@neunerpate.com)
One Petroleum Center
1001 W. Pinhook Road, Suite 200
Lafayette, Louisiana 70503
Telephone:     (337) 237-7000
Fax:              (337) 233-9450
**Counsel for the Defendants, Sheriff Mark Garber and Paula Smith**

**Certificate of Service**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record via the Court's electronic filing system.

Lafayette, Louisiana this 9th day of November, 2021.

*s/James L. Pate*
**COUNSEL**