UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TARA FOGLEMAN-LAXEY** | **CASE NO. 6:21-CV-03038** |
| **VERSUS** | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **JOSH GUILLORY ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM RULING

Before the Court are various motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendants. (Rec. Docs. 23, 24, 26, 27, and 29). These motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court the pending motions are denied as MOOT.

## Factual Background

This suit arises from Plaintiff's arrest during a protest she organized near the home of defendant Josh Guillory ("Guillory"), Lafayette Mayor-President, following the death of Trayford Pellerin during a police confrontation.[1] Plaintiff's

---

[1] Rec. Doc. 35 at ¶¶ 33-37, 52, 54.

original complaint named Guillory, Lafayette Parish Consolidated Government, former Interim Chief of Police for Lafayette Parish, Scott Morgan; Lafayette Parish Sheriff Mark Garber; Lafayette Parish District Attorney Don Landry; and Police Officer Does 1 through 10.² Plaintiff alleged her arrest, custody, and subsequent formal charging under La. R.S. 14:100.1 and 14:103 were violations of her First, Fourth and Fourteenth Amendment rights under the U.S. Constitution, as well as violations of her rights to free speech and assembly under Louisiana Constitution Art. I, Sections 7 and 9. Plaintiff also alleged various violations of Louisiana law of malicious prosecution, false arrest and imprisonment, abuse of process, and intentional or negligent infliction of emotional distress.³

Defendants filed the now-pending motions to dismiss, which were referred to the undersigned for issuance of report and recommendation.⁴ Plaintiff subsequently amended her complaint of right under Fed. R. Civ. P. 15(a)(1)(B).⁵ Following amendment of the complaint, defendants filed answers. Defendant Landry renewed his motion to dismiss.⁶ Defendant Lisa Carstens, substituted in place of one of Plaintiff's previously-named "John Doe Officers" also filed a motion to dismiss.⁷

---

² Rec. Doc. 1 at ¶ 1.
³ *Id.* at ¶¶ 121-149 (Counts 6 – 9).
⁴ Rec. Docs. 25, 30.
⁵ Rec. Doc. 35.
⁶ Rec. Doc. 40.
⁷ Rec. Doc. 41.

Recently, Plaintiff filed a motion to file a sur-reply in response to Sheriff Garber's prior motion to dismiss.[8] Finally, defendant Landry filed a motion for oral argument on his now-pending, post-amendment motion to dismiss.[9]

## Law and Analysis

When the record of a case features an amended complaint filed after one or more motions to dismiss, courts may elect to either consider the pending motions in light of the amended complaint or deny such motions as moot.[10] A majority of Circuit Courts of Appeal and District Courts – including this Court - employ the former approach on the basis that the filing of an amended complaint moots any motion filed in response to the original complaint.[11] Based on the prevailing procedure within the majority of courts and the finding that such result may assist in clarifying the record and refining the issues for further review, this Court finds that the record supports such a result in this case.[12] Plaintiff's amended complaint adds claims and parties, while omitting certain prior claims.[13] Considering the amended

---

[8] Rec. Doc. 53 regarding Sheriff Garber's pending motion (Rec. Doc. 27).
[9] Rec. Doc. 54.
[10] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.
[11] *Ultravision Technologies, LLC v. Eaton Corp., PLC*, 2019 WL 11250161, *1 (E.D. Tex. Nov. 8, 2019) (collecting cases).
[12] See, e.g., *Beroid v. LaFleur*, Civ. Act. No. 21-cv-516, 2022 WL 396165 (Jan. 24, 2022) (adopted by 2022 WL 393630 (Feb. 8, 2022); *Deshotel v. PayPal, Inc.*, Civ. Act. No. 19-cv-0373, 2019 WL 4010992 (W.D. La. Aug. 22, 2019); Probado Technologies Corp. v. Smartnet, Inc., 2010 WL 918573, *1 (S.D. Tex. Mar. 12, 2010).
[13] Rec. Doc. 35.

complaint, this Court finds that all pre-amendment motions to dismiss should be denied as moot and will so order.

Briefing delays assigned to the post-amendment motions to dismiss are yet to conclude and, for this reason, the undersigned does not address those motions here.[14] The Court will address the pending motion for oral argument by separate order.[15]

## **Conclusion**

For the reasons discussed herein, IT IS ORDERED that the following pending pre-amendment motions to dismiss are DENIED as MOOT in light of Plaintiff's First Amended Complaint:

- Rec. Doc. 23 – Motion to Dismiss by defendant Landry;

- Rec. Doc. 24 – Motion to Dismiss by defendants Guillory, Lafayette City-Parish Consolidated Government, and Scott Morgan;

- Rec. Doc. 26 – Motion to Dismiss by defendant Landry;

- Rec. Doc. 27 – Motion to Dismiss or for More Definite Statement by defendant Sheriff Garber;

- Rec. Doc. 29 – Motion to Strike Complaint by defendants Guillory, Lafayette City-Parish Consolidated Government, and Scott Morgan; and

- Rec. Doc. 53 -- Motion for Leave to file Sur-Replies.

---

[14] Rec. Doc. 43, Notice of Motion Setting regarding Rec. Docs. 40, 41.
[15] Rec. Doc. 54.

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of March, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE