UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TARA FOGLEMAN-LAXEY | CIVIL ACTION NO. 21-3038 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MAYOR GUILLORY, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration or, in the Alternative, Unopposed Certification for Appeal (Rec. Doc. 94) filed by Plaintiff, Tara Fogleman-Laxey ("Plaintiff"). Plaintiff asks the Court to reconsider its September 26, 2022 Order (Rec. Doc. 86) adopting the Magistrate Judge's Report and Recommendations (Rec. Doc. 72), which granted in part and denied in part two Motions to Dismiss (Rec. Docs. 40, 41). The Order ultimately dismissed all claims filed by Plaintiff against Defendants Lieutenant Lisa Carstens ("Carstens") and District Attorney Donald Landry ("Landry") (collectively "Defendants"). See Record Document 86. Defendants have filed an opposition (Rec. Doc. 96) to the Motion for Reconsideration, and Plaintiff filed a reply (Rec. Doc. 97). For the following reasons, the Motion is **DENIED** in all respects.

**Motion for Reconsideration**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. Jan. 31, 2013). When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, as here, then Rule 54(b) controls. See Cormier v. Turnkey Cleaning Servs., LLC,

1

295 F. Supp. 3d 717, 719–20 (W.D. La. 2017). Accordingly, the Court will construe the motion as one under Rule 54(b) of the Federal Rules of Civil Procedure.

"Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Id. at 720 (citing Fed.R.Civ.P. 54(b)). "Rule 54(b) motions are construed under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." Id. Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Furthermore, motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.... Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citations omitted). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., 921 F. Supp. 2d at 566.

In her Motion for Reconsideration, Plaintiff argues that the Court's ruling commits clear error in four main ways: (1) the ruling violates the Rule 12(b)(6) standard by relying on facts not alleged in the Complaint; (2) the ruling violates Supreme Court precedent regarding the First Amendment's protection of Plaintiff's protest; (3) the ruling improperly found Carstens was entitled to qualified immunity; and (4) the ruling erred in finding Landry was entitled to absolute immunity. See Record Document 94-1. Despite Plaintiff's arguments, the Court finds no clear error that would justify reconsideration of the ruling. The facts simply do not warrant the "disfavored, extraordinary remedy" Plaintiff requests, a remedy that is disfavored by the Fifth Circuit. See Johnson v. Fanial, No. 6:17-CV-00571, 2020 WL 262758, at *2 (W.D. La. Jan. 16, 2020). Plaintiff's motion reflects a disagreement with the Court's conclusion and a mere rehashing of previous arguments, rather than new evidence or manifest error that would warrant a reconsideration. The Court finds that Plaintiff has not made the requisite showing, and thus, the Motion for Reconsideration is **DENIED**.

**Motion for Certification to Appeal**

In the alternative to the Motion for Reconsideration, Plaintiff asks the Court to certify the September 26, 2022 Order for appeal pursuant to 28 U.S.C. § 1292(b). See Record Document 94-1 at 22. Section 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C. § 1292(b). The decision to certify an interlocutory appeal is within the sound discretion of the district court. See Swint v. Chambers County Comm'n, 514 U.S. 35 (1995). The following three criteria should be used in determining whether a Section 1292(b) appeal is appropriate: (1) the order from which the appeal is taken must involve a controlling question of law; (2) there

must be substantial grounds for a difference of opinion concerning the issue; and (3) an immediate appeal must "materially advance the ultimate termination of the litigation." See id. at 68. Each of these three requirements must be met for certification to be appropriate. Complaint of L.L.P.&D. Marine, Inc., 1998 WL 66100, at *2 (E.D. La. 1998). Additionally, the moving party carries the burden of showing the necessity of an interlocutory appeal. Chauvin v. State Farm Mut. Auto. Ins. Co., 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." See Clark-Dietz &Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983).

Plaintiff argues that the following issues meet the Section 1292(b) standard: (1) improper application of the Rule 12(b)(6) standard; (2) improper First Amendment analysis, which "ignores binding Supreme Court and Fifth Circuit precedent"; (3) improper qualified immunity analysis; and (4) improper absolute immunity analysis. See Record Document 94-1 at 23–24. However, much like Plaintiff's argument above, the request for certification of appeal merely reiterates Plaintiff's previous arguments, which this Court has already rejected—in other words, Plaintiff appears to be challenging "the correctness of a judgment." See Clark-Dietz &Assocs.-Eng'rs, Inc., 702 F.2d at 68–69. Further, the Court finds that the Fifth Circuit policy disfavoring piecemeal appeals outweighs Plaintiff's concerns. See, for e.g., PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996); Meche v. Richard, No. CV 05-0385, 2007 WL 9813129, at *2 (W.D. La. July 6, 2007) (noting that "interlocutory appeals, of the nature requested here, represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals"). Here, the Court can articulate no hardship or danger

that would warrant immediate appeal of these issues. See PYCA Indus., Inc., 81 F.3d at 1421. Thus, the Motion for Certification to Appeal is **DENIED**.

    **THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 9th day of March, 2023.

                                                                          S. MAURICE HICKS, JR., DISTRICT JUDGE
                                                                          UNITED STATES DISTRICT COURT