UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TARA FOGLEMAN-LAXEY | CIVIL ACTION NO. 21-3038 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is a Rule 12(c) Motion for Judgment on the Pleadings filed by Defendant Sheriff Mark Garber ("Sheriff Garber"), who is appearing for purposes of this motion in his individual and official capacities. See Record Document 129. Specifically, Sheriff Garber seeks dismissal with prejudice of Plaintiff Tara Fogleman-Laxey's ("Plaintiff") claims against him and all unidentified employees of the Lafayette Parish Sheriff's Office (the "Sheriff Defendants"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See id. at 1. Plaintiff opposed the motion. See Record Document 133. Sheriff Garber replied. See Record Document 138. Plaintiff filed a Notice of Supplemental Authority (Record Document 140), to which Sheriff Garber filed a response (Record Document 142). For the reasons set forth below, Sheriff Garber's Rule 12(c) Motion is hereby **GRANTED**, and all claims against him and the Sheriff Defendants are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

This suit arises from Plaintiff's arrest on August 29, 2020, at a BBQ protest ("the protest") outside the personal residence of Lafayette Mayor Josh Guillory ("Mayor Guillory"). See Record Document 72 at 1–2. Plaintiff alleges the protest was in response to Mayor Guillory's unwillingness to address community concerns and was a peaceful

attempt at constructive dialogue. See id. at 2. Through Facebook and Facebook Live, Plaintiff invited community members to join the protest. See id. at 2–3. In her broadcast, Plaintiff revealed Mayor Guillory's home address more than once. See id.

Lafayette police officers arrived on the scene, and Plaintiff was advised she was obstructing the roadway. See id. at 4. After Plaintiff had been asked to terminate the protest, she chose not to do so and was arrested and charged with a violation of Louisiana Revised Statutes § 14:100.1, obstruction of a public passageway. See id. at 5. An additional charge for disturbing the peace under Louisiana Revised Statutes § 14:103 was later added. See id.

The arresting officers removed all of Plaintiff's personal property from her person, conducted a pat-down search, handcuffed her, and placed her in a patrol car. See id. Plaintiff was transported to a police station, where she claims she was "handcuffed to a wall." See id. She was then moved to Lafayette Parish Correctional Center ("LPCC"), where she was detained for a period of several hours before being released. See id. Plaintiff claims her detention violated LPCC's COVID-19 intake policy, which limited the detainees LPCC would accept to those who committed violent crimes or posed an imminent threat to the public. See id. Furthermore, Plaintiff claims she was not provided adequate COVID-19 protections during her time in LPCC, despite her notice to LPCC staff that she was at an increased risk because of her weight and asthma diagnosis. See id. at 5–6.

For approximately the next five months, Plaintiff claims to have had no further interactions regarding her arrest. See id. at 6. On January 28, 2021, Plaintiff attended a local civic meeting at which Mayor Guillory was speaking. See id. She publicly questioned

Mayor Guillory about his COVID-19 policies. See id. District Attorney Don Landry ("D.A. Landry") filed a Bill of Information against Plaintiff the following day formally charging her with violations of Louisiana Revised Statutes §§ 14:100.1 and 103. See id. At a February 8, 2021 hearing before District Judge Royal Colbert ("Judge Colbert") in the 15th Judicial District Court for the Parish of Lafayette, Plaintiff agreed to sign a civil stay-away order in exchange for the dismissal of both charges with prejudice. See id.

Plaintiff filed suit on August 27, 2021, naming as defendants Mayor Guillory in his individual and official capacities, former Chief of Police Scott Morgan ("Chief Morgan") in his official capacity, Sheriff Garber in his official capacity, D.A. Landry in his individual and officially capacities, and Lafayette City-Parish Consolidated Government ("LCG"). See id. at 6–7. Motions to dismiss were filed in response to Plaintiff's Complaint by D.A. Landry, Chief Morgan, LCG, Mayor Guillory, and Sheriff Garber. See id. at 7. Plaintiff filed her First Amended Complaint on December 9, 2021, naming Mayor Guillory, LGC, Chief Morgan, Sheriff Garber, D.A. Landry, Lieutenant Lisa Carstens ("Lt. Carstens"), and the unidentified arresting officers as Defendants. See id. All pre-amendment motions to dismiss were denied as moot. See id. at 10. Post-amendment motions to dismiss were filed by D.A. Landry and Lt. Carstens only. See id. Magistrate Judge Hanna only considered the post-amendment motions in his June 29, 2022 Report and Recommendation. See id.

The June 2022 Report and Recommendation was adopted by the undersigned on September 26, 2022, effecting the dismissal of the following claims with prejudice:

- All of Plaintiff's individual capacity claims arising under Louisiana and federal law and all official capacity claims arising under federal law against defendant D.A. Landry;
- All of Plaintiff's remaining state law claims against defendant D.A. Landry; and

3

- All of Plaintiff's individual capacity claims against defendant Lt. Carstens.

See Record Document 125 at 2; see also Record Document 86. Plaintiff was granted leave to amend her Complaint to specify the remaining claims made as to each remaining defendant. See Record Document 125 at 2. Plaintiff's Second Amended Complaint was filed on November 21, 2022. See id.; see also Record Document 98. On January 19, 2023, defendants Mayor Guillory, Chief Morgan, and LCG filed a motion to dismiss. See Record Document 125 at 2. Magistrate Judge Hanna's factual background in his June 29, 2022 Report and Recommendation was adopted in globo by Magistrate Judge Whitehurst's August 11, 2023, Report and Recommendation, supplemented as necessary by Plaintiff's additional factual allegations contained in her Second Amended Complaint with respect to defendants. See id. Magistrate Judge Whitehurst's Report and Recommendation dealt with 11 claims against Mayor Guillory, LCG, and Chief Morgan. See id. at 2–3. On September 25, 2023, the undersigned adopted Magistrate Judge Whitehurst's Report and Recommendation. See Record Document 128. As a result of this adoption, the motion to dismiss filed by Mayor Guillory, LCG, and Chief Morgan was granted in its entirety, and all claims against these defendants were denied and dismissed with prejudice. See id.

The claims that remain before this Court today are against Sheriff Garber and the Sheriff Defendants. See Record Document 98 at 1–2. In her Second Amended Complaint, Plaintiff raises the following nine claims against Sheriff Garber and/or the Sheriff Defendants:

- Count 1 – § 1983 claims against Sheriff Garber and Sheriff's Office for violations of her rights under the First and Fourteenth Amendments;

4

- Count 2 – Louisiana state law claims against Sheriff Garber and Sheriff's Office for violations of Article One, Sections Seven and Nine of the Louisiana Constitution;
- Count 4 – § 1983 claims against Sheriff Garber and the Sheriff's Office for an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments;
- Count 5 – Louisiana state law claims against Sheriff Garber and the Sheriff's Office for deprivation of due process rights and right to be secure against unreasonable searches, seizures, or invasions of privacy under Article One, Sections Two and Five of the Louisiana Constitution;
- Count 6 – § 1983 Monell claims against the Sheriff's Office for violations of the First, Fourth, and Fourteenth Amendments;
- Count 8 – Louisiana state law claims for false arrest/false imprisonment against Sheriff Garber and the Sheriff's Office;
- Count 9 – Louisiana state law claims for abuse of process against Sheriff Garber and the Sheriff's Office;
- Count 10 – Louisiana state law claims for negligent hiring, retaining, and supervision against Sheriff Garber and the Sheriff's Office; and
- Count 11 – Louisiana state law vicarious liability claims against the Sheriff's Office.

See Record Document 129-2 at 5–6. In the instant motion, Sheriff Garber asserts that Plaintiff's Second Amended Complaint fails to state a claim for which relief can be granted. See Record Document 129-2 at 2. This Court has previously found probable cause for Plaintiff's arrest by adopting Magistrate Judges Hanna and Whitehurst's Reports and Recommendations. See id. As such, Sheriff Garber argues all of Plaintiff's federal and state law claims must fail. See id. Sheriff Garber maintains that the allegations raised against the Sheriff Defendants should be dismissed for the same reasons provided in the dismissal of all claims against the LCG Defendants. See id.

Furthermore, Sheriff Garber contends Plaintiff does not allege any facts supporting the Sheriff Defendants' involvement in this matter beyond her post-arrest booking and search. See id. Thus, these claims should be dismissed. See id. Due to this Court's probable cause determination, the Sheriff, as keeper of the jail, had the discretion to book Plaintiff into the parish jail and perform a search incident to that booking. See id.

5

Accordingly, Sheriff Garber requests that all claims against him and the Sheriff Defendants be dismissed with prejudice. See id. at 2, 6.

## LAW AND ANALYSIS

**I. Rule 12(c) Standard.**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "In evaluating whether a plaintiff's complaint survives a motion for judgment on the pleadings, [the court] is limited to reviewing: '(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matter for which judicial notice may be taken under Federal Rule of Evidence 201.'" Jordan Props., Ltd. v. City of Cleveland, Miss., No. 23-60625, 2024 WL 3771453, at *1 (5th Cir. Aug. 13, 2024) (quoting Walker v. Beaumont Indep. Sch. Dist., 938 F. 3d 724, 735 (5th Cir. 2019)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); see Jordan Props., 2024 WL 3771453, at *1. Under the Rule 12(b)(6) standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading is deficient. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Courts must accept all factual allegations in the complaint as true. See id. However, courts do not have to accept legal

6

conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F. 3d 500, 503 (5th Cir. 2014).

Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

**II. Analysis.**

The Court will analyze each count against Sheriff Garber and/or the Sheriff Defendants individually to determine whether dismissal is appropriate.

(a) Count 1

In Count 1, Plaintiff asserts § 1983 claims against Sheriff Garber and the Sheriff Defendants for violations of her rights under the First and Fourteenth Amendments. See Record Document 98 at 31. Sheriff Garber submits that following a probable cause arrest, it is within his discretion to book an arrestee into the parish jail and perform a search incident to that booking. See Record Document 129-2 at 7. Sheriff Garber contends Plaintiff's sole claim against him and the Sheriff Defendants relates to her booking and search at LPCC. See id. Plaintiff argues Sheriff Garber violated her constitutional rights and § 1983 by booking her for misdemeanor violations during COVID-19 in violation of his own COVID-19 policy. See id. She states there was no probable cause for her arrest. See Record Document 133 at 14. Plaintiff maintains that booking her placed her at a

7

significant risk of contracting COVID-19 and developing complications from it, constituted a clear violation of the COVID-19 intake policy and Judge Castle's directive, and had no basis in law. See id. at 12.

Plaintiff filed a Notice of Supplemental Authority as to the issue of whether Sheriff Garber and/or the Sheriff Defendants violated her First Amendment rights by effecting a retaliatory arrest. See Record Document 140 at 1. She cites to the Supreme Court's recent decision in Gonzalez v. Trevino, No. 22-1025, 2024 WL 3056010 (June 20, 2024), which held that to satisfy the exception in Nieves v. Bartlett, 587 U.S. 391, 139 S. Ct. 1715 (2019), a party is not required to present evidence of "virtually identical and identifiable comparators." See id. at 2. Sheriff Garber responded, arguing Gonzales is distinguishable from the instant case and does not overcome the arguments asserted in the instant Motion. See Record Document 142 at 1. Sheriff Garber contends Plaintiff supports her argument by citing to local, unsupported new articles and presents no new evidence she was the only person arrested pursuant to certain Louisiana statutes. See id. at 1–2. Additionally, Sheriff Garber argues the other protestors were not similarly situated to Plaintiff; she was the only protestor who placed a BBQ pit in the street and invited around 1,500 people to come to Mayor Guillory's residence. See id. at 2. Thus, Sheriff Garber submits Gonzales is distinguishable, and his Motion should be granted. See id. at 3.

The Court agrees that Gonzales is distinguishable from the instant case and does not aid in the Court's ruling. Plaintiff claims she was the only person arrested even though at least two other people were participating in the peaceful protest. See Record Document 98 at ¶ 55. She fails to support her conclusory claims with specific facts. Additionally, she

8

is not similarly situated with other protestors because she started the BBQ protest and posted it online, revealing Mayor Guillory's home address. Thus, the narrow holding in Gonzales does not apply to the First Amendment claim here.

The new factual allegations in Plaintiff's Second Amended Complaint are very similar to those she has already pled. The issue of probable cause has already been fully addressed by Magistrate Judges Hanna and Whitehurst. Magistrate Judge Hanna found that based on the specific facts alleged, there were reasonable grounds to conclude probable cause existed for the arrest and prosecution for the crimes charged; thus, Plaintiff failed to meet her burden of establishing a predicate constitutional violation under the First, Fourth, or Fourteenth Amendments. See Record Document 72 at 30–31. The Court agrees with Sheriff Garber that Plaintiff's Second Amended Complaint does not present any additional arguments or facts that have not been previously considered by this Court. See Record Document 138 at 4. Magistrate Judge Hanna properly viewed the facts within the totality of the circumstances, which included Plaintiff's own actions, public sentiment, and, as Plaintiff alleged, the air of unrest among citizens. See Record Document 72 at 29. The Court agrees that Plaintiff has failed to plead any additional facts against Sheriff Garber or the Sheriff Defendants sufficient to overcome the Court's prior finding of probable cause. See Record Document 138 at 4. Thus, the claims underlying Count 1 are **DISMISSED WITH PREJUDICE**.

(b) Counts 2, 4, and 5

In Count 2, Plaintiff asserts Louisiana state law claims against Sheriff Garber and the Sheriff Defendants for violations of Article 1, Sections 7 and 9 of the Louisiana Constitution. See Record Document 98 at 39. In Count 4, Plaintiff asserts § 1983 claims

against Sheriff Garber and the Sheriff Defendants for unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. See id. at 42. In Count 5, Plaintiff asserts Louisiana state law claims against Sheriff Garber and the Sheriff Defendants for deprivation of due process rights and the right to be secure against unreasonable searches, seizures, or invasions of privacy under Article 1, Sections 2 and 5 of the Louisiana Constitution. See id. at 47.

To succeed in her § 1983 claims under Count 4, Plaintiff must plausibly allege Sheriff Garber and the Sheriff Defendants lacked probable cause when she was arrested and booked. Magistrate Judge Hanna's previous Report and Recommendation, adopted by Magistrate Judge Whitehurst and this Court, found probable cause existed. See Record Document 125, at 9–10. There is nothing in Plaintiff's Second Amended Complaint that supports a contrary finding. She has failed to plead additional facts that change the analysis of this claim under the dismissal standard. Therefore, the claims underlying Count 4 are **DISMISSED WITH PREJUDICE**.

The Fifth Circuit has held that "any Louisiana law claims brought under Article I, Sections 7 and 9 of the Louisiana Constitution should also be dismissed, since the protections offered under Louisiana's Constitution as to free speech and due process mirror that of the federal constitution and are subject to the same analysis." Haney v. Roberts, 846 F. 3d 795, 801, n. 2 (5th Cir. 2017). See Cripps v. La. Dep't. of Agric. & Forestry, 819 F. 3d 221, 231 (5th Cir. 2016). Count 2 of Plaintiff's Second Amended Complaint deals with claims brought under Louisiana Constitution Article I, Sections 7 and 9. See Record Document 98 at 39. Section 7 of the Louisiana Constitution deals with the Freedom of Expression, and Section 9 discusses the Right of Assembly and Petition.

LA. CONST. Art. 1, §§ 7, 9. Thus, Plaintiff's state law claims in Count 2 resemble the First Amendment claims above, which were dismissed with prejudice. Plaintiff has failed to submit additional facts supporting her claims against Sheriff Garber and the Sheriff Defendants. Thus, the claims under Count 2 are **DISMISSED WITH PREJUDICE**.

Additionally, Count 5 of Plaintiff's Complaint asserts claims under Louisiana Constitution Article I, Sections 2 and 5. See Record Document 98 at 47. Section 2 guarantees Due Process of Law, mirroring the Fourteenth Amendment. LA. CONST. Art. 1, § 2. Section 5 protects the Right to Privacy, similar to the Fourth Amendment. LA. CONST. Art. 1, § 5. As stated previously, Plaintiff has failed to allege specific facts in her Second Amended Complaint demonstrating the viability of these claims. Magistrate Judges Hanna and Whitehurst, along with this Court, have found probable cause incident to Plaintiff's arrest. Plaintiff's facts within her Second Amended Complaint are insufficient to overcome dismissal. Thus, the claims underlying Count 5 are **DISMISSED WITH PREJUDICE**.

### (c) Count 6

In Count 6, Plaintiff asserts § 1983 Monell claims against the Sheriff Defendants for violations of the First, Fourth, and Fourteenth Amendments. See Record Document 98 at 48. As established in Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978), a claim that deals with maintaining, enforcing, and applying policies, practices, or customs "regarding seizure and use of force, training, supervising, and disciplining police officers" is often referred to as a Monell claim. Lewis v. Huval, No. 16-01280, 2020 WL 2544811, at *10 (W.D. La. May 4, 2020). The Fifth Circuit has held that "a plaintiff must

show that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitution right" to establish Monell liability. Henderson v. Harris Cnty., Tex., 51 F. 4th 125, 130 (5th Cir. 2022). Furthermore, "to get past the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.'" Id. (quoting Pena v. City of Rio Grande City, 879 F. 3d 613, 622 (5th Cir. 2018) (quotation omitted)).

In her Second Amended Complaint, Plaintiff's allegations under Count 6 are merely conclusory and speculative. Her allegations of unlawful policies, practices, and customs of the Sheriff Defendants do not provide a connection to an underlying constitutional violation beyond mere speculation. Since this Court has previously found probable cause underlying Plaintiff's arrest and has held that Sheriff Garber had discretion to book Plaintiff, she fails to allege how these polices, practices, and customs violated her constitutional rights. Plaintiff's mere use of the words custom, policy, or civil rights does not necessarily give rise to a successful Monell claim under § 1983. Since she fails to specify particularized facts pointing to the unlawful, widespread customs or policies Sheriff Garber or the Sheriff Defendants implemented, her claims under Count 6 are **DISMISSED WITH PREJUDICE**.

### (d) Counts 8, 9, 10, and 11

In Count 8, Plaintiff asserts Louisiana state law claims for false arrest/false imprisonment against Sheriff Garber and the Sheriff Defendants. See Record Document 98 at 55. In Count 9, Plaintiff asserts Louisiana state law claims for abuse of process against Sheriff Garber and the Sheriff Defendants. See id. at 56. In Count 10, she brings Louisiana state law claims for negligent hiring, retaining, and supervision against Sheriff

12

Garber and the Sheriff Defendants. <u>See id.</u> at 59. In Count 11, she brings Louisiana state law vicarious liability claims against the Sheriff Defendants. <u>See id.</u> at 62.

The Court finds Plaintiff's detention was neither false nor unlawful because there was probable cause underlying her arrest. In Plaintiff's Second Amended Complaint, she claims she has suffered damages including physical pain, mental anguish, and continual loss of reputation in the community. <u>See id.</u> at 56. She fails to put forth new evidence that her arrest was made without probable cause; instead, her claims are conclusory and insufficient. Thus, the claims in Count 8 are **DISMISSED WITH PREJUDICE**.

Since the Court has found probable cause existed to arrest and book Plaintiff, her claims under Count 9 should also be dismissed. Sheriff Garber and the Sheriff Defendants properly detained and booked Plaintiff. From the Second Amended Complaint, there are no new facts supporting Plaintiff's abuse of power claim. There are no facts suggesting that Sheriff Garber or the Sheriff Defendants had an ulterior purpose or a willful act. Therefore, the claims within Count 9 are **DISMISSED WITH PREJUDICE**.

In Count 10, Plaintiff states conclusory claims that Sheriff Garber failed to properly train police officers or deputies on adhering to established First, Fourth, and Fourteenth Amendment principles. <u>See id.</u> at 60. Plaintiff does not point to additional facts supporting her conclusory statements; rather, she simply submits Sheriff Garber was negligent in hiring, retaining, and supervising other officers. These conclusory claims are insufficient under the dismissal standard; thus, the claims in Count 10 are **DISMISSED WITH PREJUDICE**.

Finally, Count 11 should be dismissed because Plaintiff has failed to overcome the dismissal standard as to her previous claims. Sheriff Garber cannot be held vicariously liable since neither he nor the Sheriff Defendants are liable under the other counts within the Second Amended Complaint. Plaintiff's claims of vicariously liability are speculative and conclusory. For example, she claims Sheriff Garber and the Sheriff Defendants "intentionally, negligently, recklessly, directly, and/or proximately caused physical and emotional injury to [her], including both acts of omission and acts of commission." See id. at 63. These legal conclusions are insufficient to overcome dismissal, and Plaintiff fails to provide specific statements supporting her claims within Count 11. Therefore, the claims underlying Count 11 are **DISMISSED WITH PREJUDICE**.

(e) Excessive Force Claim Against Sheriff Garber

In her Second Amended Complaint, Plaintiff asserts an excessive force claim against Sheriff Garber. See Record Document 98 at 45, 61. She claims the Sheriff Defendants violated department policy in searching and booking her. See id. at ¶¶ 166, 173. Plaintiff submits these actions violated both § 1983 and state law. See id. at 47–67. The Court disagrees. As stated in Magistrate Judge Whitehurst's Report and Recommendation, which has been adopted by this Court, these claims are improperly pled and fail to state a claim. See Record Document 125 at 16. Section 1983 does not provide a remedy for violations of a sheriff department's policies. See id. (citing Sylvester v. Cain, 311 Fed. Appx. 733, 735 (5th Cir. 2009)). Additionally, under Louisiana Civil Criminal Procedure Article 288, Sheriff Garber had full discretion on whether to book Plaintiff into LPCC. See id. at 17. Plaintiff's allegations in her Second Amended Complaint

do not rise above mere conclusions and speculation. See id. Therefore, the excessive force claims against Sheriff Garber are **DISMISSED WITH PREJUDICE**.

### (f) Sheriff Garber's Immunity

In his Motion, Sheriff Garber asserts that he is entitled to discretionary immunity and qualified immunity. See Record Document 129-2 at 21, 22. He argues discretionary immunity is applicable to those acts that are discretionary, including the hiring, training, and supervising other officers and the decisions to book and search Plaintiff. See id. at 21. Additionally, he contends he is entitled to qualified immunity for Plaintiff's allegations of First, Fourth, and Fourteenth Amendment violations. See id. at 22. In her opposition, Plaintiff argues the Sheriff Defendants are not entitled to qualified immunity for either the strip search of Plaintiff or booking her into the correctional center. See Record Document 133 at 25. Additionally, she submits the Sheriff Defendants are not entitled to discretionary immunity. See id. at 31.

Under qualified immunity, government officials are protected "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). As stated above, Plaintiff has failed to plead new, additional facts supporting her claims within her Second Amended Complaint. Therefore, a discussion of whether discretionary or qualified immunity applies in this case is irrelevant because Plaintiff has not successfully asserted any claims against either Sheriff Garber or the Sheriff Defendants. Even if the Court found a constitutional violation, Plaintiff fails to cite to clearly established law that would preclude her arrest.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Sheriff Garber's Motion for Judgment on the Pleadings pursuant to Rule 12(c) (Record Document 129) is **GRANTED**. All claims asserted by Plaintiff against Sheriff Garber and the Sheriff Defendants are **DISMISSED WITH PREJUDICE**.

An accompanying Judgment will issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 3rd day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE